**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICHARD JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>ADT, LLC,<br><br>    Defendant. | Case No.: 1:18-cv-06236<br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, RICHARD JACKSON ("Plaintiff"), by and through his attorneys, and for his Complaint against the Defendant, ADT, LLC ("Defendant"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., resulting from the illegal actions of Defendant, in negligently, knowingly and/or willfully, through its agent(s), placing automated telephone calls to Plaintiff's cellular telephone, in violation of the TCPA and related regulations, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

5. Persons, like Plaintiff herein, have no control to stop unsolicited unwanted calls to their cellular telephones.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

8. Plaintiff is an individual who was at all relevant times residing in Chicago, Illinois.

9. On information and belief, Defendant is a corporation of the State of Delaware, which is licensed to do business in Illinois, and which has its principal place of business in Boca Raton, Florida.

10. On information and belief, at all times relevant hereto, Defendant was engaged in the marketing and sale of home security systems.

11. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

12. Defendant is a "person" as defined in 47 U.S.C. § 153(39).

## COUNT I
## NEGLIGENT VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT

13. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 12 above as if reiterated herein.

14. During or about May of 2018, Defendant began placing a high volume of automated telephone calls to Plaintiff's cellular telephone.

15. Defendant placed these automated telephone calls to Plaintiff's cellular telephone in attempts to collect a debt allegedly owed by Plaintiff to Defendant.

16. When Plaintiff would answer Defendant's telephone calls, he was told by an automated system to hold for an operator, which is indicative of an automatic telephone dialing system and an artificial and/or prerecorded voice.

17. During or about May of 2018, upon answering one of Defendant's automated telephone calls, Plaintiff spoke with an employee, agent, and/or representative of Defendant and requested of said individual that Defendant stop placing telephone calls to Plaintiff's cellular telephone.

18. Despite Plaintiff's unequivocal request that Defendant cease placing calls to his cellular telephone, Plaintiff estimates that Defendant placed as many as 420 telephone calls to Plaintiff's cellular telephone between May and August of 2018.

19. As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Invasion of privacy;

    b. Intrusion upon and occupation of the capacity of Plaintiff's cellular telephone;

    c. Wasting Plaintiff's time;

    d. Risk of personal injury due to interruption and distraction when receiving unwanted telephone calls from Defendant;

    e. Depletion of Plaintiff's cellular telephone battery;

    f. The cost of electricity to recharge Plaintiff's cellular telephone battery; and

    g. Stress, aggravation, emotional distress, mental anguish, and other similar categories of damages.

20. On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

21. On information and belief, the purpose of these telephone calls was the attempted collection of a debt allegedly owed by Plaintiff.

22. On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the attempted collection of debts owed by individuals who subscribe to its services.

23. Plaintiff did not give Defendant his express consent, invitation or permission to contact him using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact him in this manner was terminated and revoked.

24. Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

25. The TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

26. Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

27. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

28. As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

      a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

      b.    Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

      c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

      d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATION OF
## THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 28 above as if reiterated herein.

30. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

31. As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

      a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

      b.      Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

      d.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action which are so triable.

RESPECTFULLY SUBMITTED,

RICHARD JACKSON

By:    /s/ David B. Levin
        Attorney for Plaintiff
        Illinois Attorney No. 6212141
        Law Offices of Todd M. Friedman, P.C.
        333 Skokie Blvd., Suite 103
        Northbrook, Illinois 60062
        Phone: (224) 218-0882
        Fax: (866) 633-0228
        dlevin@toddflaw.com